TYMKOVICH, Circuit Judge,
concurring.
There is another, fundamental concern implicated here that has not been addressed in our cases. Title VII hostile workplace cases raise troublesome questions of how and when employee speech may be regulated. Concerns about free expression are especially pronounced in cases like this one where the allegations of hostility are apparently based on an employee’s affirmations of faith and belief to another employee. The problem arises when the listener is “offended” by the speech because it is “unwanted” or “uncomfortable.” The offensiveness of the speech is surely rooted in the message being conveyed. The message then becomes the basis of a hostile workplace. While Title VII rightly condemns acts of religious discrimination in the workplace, the line between permissible religious commentary in the workplace and a religiously hostile workplace quickly becomes fuzzy. That is especially true where, as here, there is no record evidence that the plaintiff was terminated “because of [his] religion.” 42 U.S.C. § 2000e-2(a).
We have previously held that the First Amendment generally does not preclude a hostile work environment claim “in the context of a sexual harassment action.” Baty v. Willamette Indus., Inc., 172 F.3d 1232, 1247 (10th Cir.1999). We have not had the occasion, however, to discuss the contours of the application of the doctrine to specific cases of religious speech by employees in the workplace, especially where the complainant attempts to hold the employer vicariously liable for religious-oriented speech by its employees.
There is a growing body of commentary regarding these difficult issues. See, e.g., Eugene Volokh, What Speech Does “Hostile Work Environment” Harassment Law Restrict?, 85 Geo. L.J. 627 (1997), available in substantially updated form at http://www.law.ucla.edu/faculty/volokh/harass/breadth.htm; Kingsley R. Browne, Zero Tolerance for the First Amendment: Title VII’s Regulation of Employee Speech, 27 Ohio N.U. L.Rev. 563 (2001); Kimball E. Gilmer & Jeffrey M. Anderson, Zero Tolerance for God?: Religious Expression in the Workplace After Ellerth and Faragher, 42 How. L.J. 327, 344-45 (1999); see also Saxe v. State College Area Sch. Dist., 240 F.3d 200, 210 (3d Cir.2001) (examining anti-harassment policies); but see Robinson v. Jacksonville, 760 F.Supp. 1486, 1534-37 (N.D.Fla.1991) (listing six grounds for upholding hostile work environment claim against First Amendment challenge). Had plaintiff succeeded here in overturning summary judgment on the existing record, these issues could well have taken center stage as the facts became more developed on remand.